FILED
SUPERIOR COURT
OF GUAM

2018 MAY 10 PM 2: 05

CLERK OF COURT
BY

# IN THE SUPERIOR COURT
# OF GUAM

JOHANNA BORJA, JULEUS CALIMPONG, for themselves personally and for their daughter and their ward, AMAYA BORJA *aka* AMAYA CALIMPONG, who they have been appointed as guardians for,

     Plaintiffs,

 vs.

GUAM MEMORIAL HOSPITAL AUTHORITY,

     Defendant

Civil Case No. CV0078-16

**FINDINGS OF FACT & CONCLUSIONS OF LAW**

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo for a bench trial on November 3, 2017. Attorney William Gavras represents Plaintiffs Johanna Borja and Jueleus Calimpong. Attorney Thomas Fisher represents Defendant Guam Memorial Hospital Authority. Having considered the evidence presented at trial, the record, and the applicable law, the Court issues the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

By a preponderance of the evidence, the Court makes the following Findings of Fact:

1. The parties stipulate that Plaintiffs' minor daughter A.B. was under the care of Defendant Guam Memorial Hospital Authority ("GMH") when the tip of her right, fifth finger was cut off by employees, agents, or contractors of GMH.

2. The parties agree that such cutting off constitutes profession negligence and/or medical and/or nursing malpractice.

3. The parties stipulate that GMH is liable for the loss of the tip of A.B.'s right, fifth finger. The parties also stipulate that the negligence attributed to GMH was the proximate cause of A.B.'s injury.

4. There was no evidence presented with respect to the long term effects or disabilities caused by GMH's negligence. Further, there was no evidence that the injury has impaired the physical function of A.B.'s right, fifth finger.

5. A.B. was a very young child when the injury occurred.

6. The loss of a portion of her right, fifth finger will not significantly affect or inhibit A.B.'s ability to carry out essential tasks.

7. The parties also stipulate that Plaintiffs will dismiss their Second Cause of Action for Negligent Infliction of Emotional Distress.

## CONCLUSIONS OF LAW

Based on the foregoing Findings of Fact, the Court makes the following Conclusions of Law.

**Negligence**

Through the stipulation of the parties, the Court concludes that Defendant GMH is liable for the injury sustained by A.B. through the negligence of GMH's employees, agents, and/or contractors.

**Damages**

"Generally, a plaintiff who proves a 'breach of duty' but fails to show any appreciable detriment, i.e. damages, nevertheless may recover nominal damages." Tribeca Companies, LLC v. First American Title Ins. Co., 192 Cal.Rptr.3d 354, 366 n. 12 (Ct. App. 2015). "An award of

nominal damages does not mean that there were not actual economic damages, just that the exact amount of damages attributable to the improper conduct was not proven." Bains LLC v. Arco Products Co., 405 F.3d 764, 772 (9th Cir. 2005). In this matter, after evidence was presented regarding the cause of the injury, the parties stipulated to Defendant GMH's liability. No further evidence was presented detailing the damages caused as a result of GMH's negligence. The Court received no evidence of past or present detriment to A.B. or evidence specifying how the injury would cause impairment in the future. Thus, the Court is unable to award compensatory damages. However, the parties' stipulation to GMH's liability demonstrates that GMH was negligent and A.B. was harmed after suffering the injury. Accordingly, the Court concludes that an award of nominal damages is appropriate in this matter.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court awards Plaintiffs Johanna Borja and Juleus Calimpong, for themselves personally and for their daughter and their ward, Amaya Borja *aka* Amaya Calimpong, nominal damages in the amount of five thousand dollars ($5,000.00).

SO ORDERED, this __10__ day of __May__ 2018.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam